

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2009

# USA v. Frank Porter

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Frank Porter" (2009). *2009 Decisions.* Paper 1059.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1059

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2498
_____

UNITED STATES OF AMERICA

v.

FRANK PORTER,

Appellant

On Appeal From the United States District Court
for the District of New Jersey
(Criminal No. 2-00-cr-00568-1)
District Judge:  Honorable Harold A. Ackerman

Submitted Under Third Circuit LAR 34.1(a)
May 29, 2009

Before: FISHER, CHAGARES, and COWEN, <u>Circuit</u> <u>Judges</u>.

(Filed: July 7, 2009)
_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Counsel for Frank Porter has moved, pursuant to <u>Anders v. California</u>, 386 U.S.

738 (1967), for permission to withdraw as counsel in this case. For the reasons that follow, we will grant the motion and affirm Porter's conviction and sentence.[1]

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On October 17, 2001, Porter was sentenced to, *inter alia*, fifty-five months of imprisonment and three years supervised release. Porter began his term of supervised release on March 14, 2005. The Government filed a petition on January 12, 2006, alleging that Porter "violated the supervision condition [of his supervised release] which states 'You shall not commit another federal, state, or local crime.'" Appendix ("App.") 27 (emphasis omitted). Porter pleaded not guilty to the allegation, and a hearing was conducted on May 7, 2008. At the hearing, a probation officer testified that Porter engaged in new criminal conduct, thus violating the terms of his supervised release. In addition, the Government introduced a Judgment of Conviction from the Essex County Superior Court, New Jersey, reflecting a conviction for aggravated manslaughter in the first degree and unlawful possession of a weapon in the third degree. App. 9, 28.

At the conclusion of the hearing, the District Court found Porter guilty of violating the terms and conditions of his supervised release. The defense requested that the District

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

2

Court sentence Porter to a term of imprisonment to run concurrent with his State of New Jersey prison term. The District Court declined to do so, and instead sentenced Porter to 24 months imprisonment -- the statutory maximum custodial term -- to run consecutive to the New Jersey sentence. Porter filed a timely notice of appeal on May 16, 2008.

II.

Porter's counsel petitions this Court to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel's brief was furnished to Porter, and he was given thirty days to file a brief on his own behalf. Porter declined to do so.

Evaluation of an Anders brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, and the appellant has not submitted a *pro se* brief, our review is limited to the portions of the record identified in the Anders brief. See id. at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.

Porter's counsel combed through the record and identified several issues that could possibly be raised before us before concluding that they were all patently without merit. Likewise, our independent review of "those portions of the record identified by [the]

3

Anders brief" reveals no non-frivolous issues Porter might profitably raise on appeal. See id. As Porter's counsel points out, the District Court complied with the directives of Federal Rules of Criminal Procedure 32.1(b)(2) and (c), and with 18 U.S.C. § 3583(c). Specifically, the District Court conducted a hearing and properly concluded, by at least a preponderance of the evidence, that Porter had violated a condition of his supervised release. The District Court then afforded Porter the opportunity to make a statement prior to the imposition of sentence, and considered counsel's arguments in favor of imposing a concurrent sentence. The District Court did not abuse its discretion in rejecting this request and in imposing a consecutive sentence, and the ultimate sentence is reasonable.

Accordingly, we will grant counsel's motion and will affirm Porter's conviction and sentence.